UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
                                                          :
In re PEGGY NESTOR,                                       :
                                                          :
                        Debtor.                           :
                                                          :                    25-CV-7217 (JMF)
-----------------------------------------------------------------------X
                                                          :
MARIANNE NESTOR,                                          :              MEMORANDUM OPINION
                                                          :                   AND ORDER
                        Appellant,                        :
                                                          :
          -v-                                             :
                                                          :
ALBERT TOGUT, *not individually but solely in his*        :
*capacity as Chapter 11 Trustee*,                         :
                                                          :
                        Appellee.                         :
                                                          :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Appellant Marianne Nestor ("Nestor"), proceeding without counsel, appeals from Orders

of the United States Bankruptcy Court (Wiles, B.J.).  Nestor is not herself a debtor; instead, she

is an interested party in Chapter 11 proceedings that her sister, filed in 2023.  Since that time,

Nestor has filed up to twenty appeals from Orders of the Bankruptcy Court, every one of which

has been rejected.  *See Nestor v. Lynx Asset Servs., LLC*, No. 25-CV-4242 (KPF), 2025 WL

2444214, at *1 n.1 (S.D.N.Y. Aug. 25, 2025) (listing thirteen prior appeals by Nestor); ECF No.

8 ("Appellee's Mem."), ¶ 1 (asserting that this is Nestor's twentieth appeal to this Court).  In

this, her latest appeal, Nestor challenges a ruling by the Bankruptcy Court that certain items are

"fixtures" and thus "part of" a townhouse on East 63rd Street (the "Townhouse") that Nestor has

intermittently claimed to own together with her sister.  *See In re Nestor*, 673 B.R. 67, 101-02

(Bankr. S.D.N.Y. 2025).  Liberally construed, *see Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir.

2010), Nestor's appeal contends that the Bankruptcy Court erred in finding that the items,

including mantelpieces, are fixtures because they are removable, *see* ECF No. 7 ("Appellant's Mem."), at 5-7; ECF No. 11 ("Appellant's Reply"), at 5, 7.  Appellee Albert Togut, in his capacity as Chapter 11 Trustee of the Nestor's sister's Estate, argues that the appeal should be dismissed because Nestor failed to comply with Rule 8014 of the Federal Rules of Bankruptcy Procedure.  Appellee's Mem. ¶¶ 31-41.  In the alternative, he argues that the Bankruptcy Court's Orders should be affirmed on the merits.  *Id.* ¶¶ 42-52.

Togut is certainly correct that Nestor's brief suffers from serious deficiencies, including a failure to comply with the requirements for briefs set forth in Rule 8014.  He is also correct that failure to comply with that Rule can be a basis for dismissal of an appeal.  *See, e.g.*, *Shah v. Motors Liquidation Co. GUC Tr.*, No. 12-CV-8783 (JPO), 2013 WL 12085091, at *6 (S.D.N.Y. June 3, 2013) (finding that failure to comply with Bankruptcy Rule 8014, formerly Rule 8010, "is a sufficient basis to dismiss Plaintiff's appeal, particularly given this Court's leniency with Plaintiff concerning Rule 8009").  But the Court will not dismiss on that basis, given both the special solicitude to which Nestor is entitled as a *pro se* litigant and the fact that her appeal is easily rejected on the merits.  *See, e.g.*, *In re Motors Liquidation Co.*, No. 15-CV-3307 (VEC), 2015 WL 4523241, at *2 (S.D.N.Y. July 24, 2015) ("Appellee observes that Appellant's brief fails to comply with the requirements of Bankruptcy Rule 8014 . . . but . . . the Court need not decide this appeal on that formalistic basis."); *In re Stephenson*, Nos. 96-CV-557, 558 (DC), 1996 WL 403087, at *1 (S.D.N.Y. July 18, 1996) ("I need not dismiss Appellant's appeal on . . . procedural ground[s], however, because his appeal is without merit."); *Bongiovanni v. Grubin*, No. 08-CV-3534 (CBA), 2010 WL 3927042, at *2 (E.D.N.Y. Sept. 30, 2010) (same).

As noted, Nestor challenges the Bankruptcy Court's determination that certain items in the Townhouse are "fixtures."  Some courts have held that whether an item constitutes a fixture is a question of fact, *see, e.g.*, *Washington Metro. Area Transit Auth. v. Precision Small Engines*,

227 F.3d 224, 227 (4th Cir. 2000); *Jo v. JPMC Specialty Mortg., LLC*, 131 F. Supp. 3d 53, 59 (W.D.N.Y. 2015); *Canilao v. City of Com. Invs., LLC*, No. 20-CV-8030 (EMC), 2022 WL 10584985, at *10 (N.D. Cal. Oct. 18, 2022), and thus is reviewable only for "clear error," *In re MPM Silicones, LLC*, 596 B.R. 416, 427 (S.D.N.Y. 2019).  Others have held that it is a mixed question of law and fact.  *See, e.g.*, *Dunellen LLC v. Getty Props. Corp.*, 557 F. Supp. 2d 263, 270-71 (D.R.I. 2008) (collecting cases), *aff'd*, 567 F.3d 35 (1st Cir. 2009).  But even then, rulings are subject to the clearly erroneous standard if "the question is predominantly . . . factual."  *In re Kaspar*, No. 24-CV-9314 (JMF), 2025 WL 1784812, at *3 (S.D.N.Y. June 27, 2025) (internal quotation marks omitted) (quoting *In re Grubb & Ellis*, 523 B.R. 423, 437 (S.D.N.Y. 2014)).

Whether the issue in this appeal is a question of fact or a mixed question of law and fact, it is predominantly factual and, thus, reviewable only for clear error.  That lenient standard "permits the Court to set aside the Bankruptcy Court's factual findings only if the Court is 'left with the definite and firm conviction that a mistake has been committed.'"  *In re Mattei*, No. 23-CV-6093 (PMH), 2024 WL 1598225, at *3 (S.D.N.Y. Apr. 12, 2024) (quoting *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 119 (2d Cir. 2021)).  Here, there was no clear error.  The Bankruptcy Court judge in this case took the extraordinary step of personally visiting the Townhouse and visually inspecting the items at issue (in the company of Nestor, Togut, and a videographer, among others) and then held a trial during which he heard testimony from Nestor and received various exhibits, including Nestor's deposition transcript.  *See In re Nestor*, 673 B.R. at 85-87.[1] Thereafter, the Bankruptcy Court issued a well-reasoned and thorough fifty-two page opinion explaining why the items at issue were fixtures and thus "part of" the Townhouse.  In doing so,

---

[1]    Thus, Nestor is flat wrong in asserting that her deposition transcript was not "entered or used."  Appellant's Mem. 5.

the Bankruptcy Court correctly reasoned that the ultimate issue is one of intent and that removability — on which Nestor seems to focus exclusively here, *see* Appellant's Mem. 5-7 — is only one factor in that analysis. *See In re Nestor*, 673 B.R. at 81; *see also In re New York City Transit Auth.*, 553 N.Y.S.2d 785, 786-87 (N.Y. App. Div. 2d Dep't 1990) ("Annexation, adaptability, and intention of permanence convert [an item] into a fixture, regardless of removability." (cleaned up)). Ultimately, the Court concludes that there is no basis to second guess the Bankruptcy Court's determination — based on its "own inspection of the property[,] . . . [t]he nature of the items, the manner in which they were attached, their intended use and function, and their customized contours" — that the items in dispute "were intended to be permanent parts of the real property and are fixtures." *In re Nestor*, 673 B.R. at 90-91; *cf. Debary v. Harrah's Operating Co.*, 465 F. Supp. 2d 250, 261 (S.D.N.Y. 2006) ("Determining intent is necessarily a factual endeavor."). It follows that the Court must, and does, affirm the Orders of the Bankruptcy Court.[2]

The Court could leave it there but feels compelled to address Nestor's dreadful record in connection with her sister's Chapter 11 proceedings. With this appeal, Nestor has now lost upwards of twenty appeals from Orders of the Bankruptcy Court. *See* Appellee's Mem. ¶ 1. In these appeals, she has repeatedly failed to comply with Rules of Bankruptcy Procedure, including deadlines, and has been ordered more than once to show cause why her neglect should be excused. *See, e.g.*, *In re Nestor*, No. 24-CV-6250 (JHR) (SLC), 2024 WL 4664733, at *2 (S.D.N.Y. Oct. 10, 2024). The Bankruptcy Court itself has held her in contempt and sanctioned her. *See In re Nestor*, 2025 WL 1626560, at *1. Given this record, Togut justifiably accuses her of "engag[ing] in a constant, unbelievably costly campaign to impede the Trustee's job of selling

---

[2]     If the standard of review were de novo, the Court would do the same — substantially for the reasons set forth in the Bankruptcy Court's thorough and well-reasoned decision.

the Townhouse as the Bankruptcy Court directed." Appellee's Mem. ¶ 1. This campaign must come to an end. Accordingly, the Court hereby warns Nestor that if she brings any more vexatious and meritless appeals relating to her sister's Chapter 11 bankruptcy proceedings, the Court may impose an injunction barring her from filing further such appeals in the Southern District of New York without prior leave of the Court. *See, e.g.*, *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (observing that a court may issue a filing injunction when a litigant has a "history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel" (cleaned up)); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) ("A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation." (internal quotation marks omitted)).

For the foregoing reasons, the Orders of the Bankruptcy Court determining that certain items of the Townhouse are fixtures are AFFIRMED, and Nestor is warned that further vexatious and meritless appeals related to her sister's Chapter 11 bankruptcy proceedings may result in a filing injunction. The Clerk of Court is directed to enter judgment in Appellee's favor, close this case, and mail a copy of this Order to Nestor.

SO ORDERED.

Dated: March 26, 2026
New York, New York

_____
JESSE M. FURMAN
United States District Judge

5